# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Agreement") is made between and among CB&I Energy Services, LLC (f/k/a Shaw Global Energy Services, LLC and Shaw Global Energy Services, Inc.), Shaw Services, LLC, Aptim Services, LLC (f/k/a CB&I Construction Services, LLC and Stone and Webster Construction Services, LLC), CB&I Group, Inc. (f/k/a The Shaw Group, Inc.), Aptim Maintenance, LLC (f/k/a CB&I Maintenance, LLC, CB&I Maintenance, Inc. and Shaw Maintenance, Inc.), Shaw Management Services, One, Inc. (collectively, "Shaw"), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Zurich American Insurance Company ("Zurich"), and AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) ("AIG"), and Westchester Fire Insurance Company and Illinois Union Insurance Company (collectively, "Chubb"). Liberty Mutual, Zurich, AIG and Chubb (collectively, the "Insurers"). Shaw, Chubb, Liberty Mutual, Zurich and AIG are collectively the "Parties."

## PREMISES

WHEREAS, Shaw has reached a settlement of certain lawsuits pending in the Circuit Court of Colbert County, Alabama, pursuant to a Confidential Pro Tanto Settlement Agreement and Release ("Shaw Settlement," attached hereto with exhibits *en globo* as Exhibit A) for the total settlement amount of $26,543,092.50. The lawsuits settled by Shaw are listed in full in the Shaw Settlement, and are referred to herein as the "Underlying Lawsuits";

WHEREAS, the Plaintiffs in the Underlying Lawsuits allege that they or the persons whose interests they represent were injured by exposure to mercury and/or other substances at or emanating from a chlor-alkali plaint (the "Plant") operated by Occidental Chemical Corporation and ultimately decommissioned in Muscle Shoals, Alabama;

WHEREAS, Shaw has denied all liability to the Plaintiffs;

WHEREAS, Liberty Mutual issued to Shaw or members thereof the following policies:

a. Policy No. RG2-691-004133-153; and
b. Policy No. RG2-691-004133-154

(Collectively, the "Liberty Mutual Policies").

WHEREAS, Zurich issued to The Shaw Group, Inc., or members thereof the following policies:

a. Policy GLO 3866607-00
b. Policy GLO 3866607-01
c. Policy GLO 3866607-02
d. Policy GLO 3866607-03
e. Policy GLO 3866607-04
f. Policy GLO 3866607-05

4821-2950-7766v.1

# EXHIBIT C

g. Policy GLO 3866607-06
h. Policy GLO 3866607-07

(Collectively, the "Zurich Policies"). Zurich also issued separate policies of workmen's compensation liability insurance (the "Zurich WC Policies") which are not addressed in this Agreement but are addressed in a separate agreement with Shaw.

WHEREAS, AIG issued to The Shaw Group, Inc., or members thereof the following policy:

a. Contractor's Pollution Liability Policy No. CPO 61823904 (the "AIG Policy")

WHEREAS, Chubb, or one of its companies, issued to The Shaw Group, Inc., or members thereof the following policies:

a. Policy No. CUW-773698;
b. Policy No. CUW-781343;
c. Policy No. CUW-788407;
d. Policy No. G2205367A 001;
e. Policy No. G2205367A 002;
f. Policy No. G2205367A 003;
g. Policy No. G2205367A 004;
h. Policy No. G2205367A 005;
i. Policy No. G2205367A 006;
j. Policy No. G2205367A 007;
k. Policy No. G22053681 001;
l. Policy No. G22053681 002;
m. Policy No. G22053681 003;
n. Policy No. G22053681 004;
o. Policy No. G22053681 005;
p. Policy No. G22053681 006;
q. Policy No. G22053681 007;
r. Policy No. EXO G23879529 001; and
s. Policy No. EXO G23879529 002

(Collectively, the "Chubb Policies").

WHEREAS, Shaw claims that the Policies issued by the Insurers provide insurance coverage for Plaintiffs' claims in the Underlying Lawsuits, and Shaw sought insurance coverage under one or more of the Insurers' policies to fund the settlement of the Underlying Lawsuits pursuant to the Shaw Settlement;

WHEREAS, Liberty Mutual, Zurich, AIG and Chubb each have denied liability for some or all of Plaintiffs' claims in the Underlying Lawsuits;

WHEREAS, Liberty Mutual, Zurich, AIG and Chubb each dispute that the Policies issued by the Insurers provide insurance coverage for Plaintiffs' claims in the Underlying Lawsuits;

WHEREAS, the Zurich WC Policies are not addressed in this Agreement;

WHEREAS, Liberty Mutual, Zurich, AIG and Chubb each have agreed to contribute certain amounts to fund the settlement of the Underlying Lawsuits subject to the terms and conditions, and in the amounts, hereinafter set forth.

NOW, THEREFORE, the Parties, hereto, intending to be legally bound hereto, agree as follows:

1. **Payments**.

The $26,543,092.50 settlement payment required by the Shaw Settlement shall be paid individually by the Insurers as follows:

    a. Liberty Mutual:    $3,000,000.00

    b. Zurich:    $9,133,392.50

    c. AIG:    $3,300,00.00

    d. Chubb:    $9,500,000.00

These individual foregoing payments shall be made by the respective Insurers at the time required by the Shaw Settlement (Exhibit A) for the payment of settlement funds for the Underlying Lawsuits. Under the Zurich WC Policies, Zurich will separately make a payment of $1,609,700 under the terms of its separate agreement with Shaw.

The payment obligations stated in this Paragraph 1. are several (individual) and not joint. The failure of any Insurer to make its respective payment shall not render any provision of this Agreement unenforceable as to the other Insurers. The failure of any Insurer to make its respective payment shall terminate this Agreement as to that Insurer.

2. **Shaw Release of Insurers.**

Except for and subject to the rights specifically reserved in Paragraph 10 below, with respect to the policies issued to Shaw and/or one or more of its members as named insureds by the Insurers and identified herein, and in consideration of the several (individual) payments by the Insurers of the $26,543,092.50 required by the Shaw Settlement described in Paragraph 1 of this Agreement, Shaw, on behalf of themselves and their assigns, officers, directors, predecessors, successors, shareholders, attorneys, employees, agents, subsidiaries, parent companies and affiliates (including, but not limited to, McDermott International, Inc. and Aptim Corp.) hereby release, acquit, and discharge the Insurers, including the insurers that issued the

policies identified herein and their respective assigns, officers, directors, predecessors, successors, shareholders, attorneys, employees, agents, subsidiaries, parent companies, affiliates and reinsurers, from any and all claims actions, causes of action, obligations, indebtedness, breaches of duty, breaches of claims handling, bad faith, claims for declaratory relief, claims for injunctive relief and other equitable relief, suits, liens, damages, losses, costs or expense, including attorneys' fees, claims for defense and/or indemnity and/or insurance coverage of any kind (including, but not limited to, any claims for bad faith or statutory penalties of any kind), all whether known or unknown, fixed or contingent, liquidated or unliquidated, past present or future, suspected or unsuspected, foreseen or unforeseen, relating to or arising out of the Underlying Lawsuits and the claims against Shaw that are being settled by the Shaw Settlement, including any and all damages, losses, costs, expenses, liabilities, interest, attorneys' fees and expenses of any type, provided, however, that nothing in this Agreement shall be construed to release Liberty Mutual's, Zurich's and AIG's obligation to pay any outstanding unpaid costs to defend the Underlying Lawsuits.  This reservation by Shaw is not inconsistent with, nor is it intended in any way to nullify Liberty Mutual's, Zurich's and AIG's right to pursue collection of any deductibles owed under their respective policies, and under separate deductible agreements, non-policy agreements, or other agreements or contracts pertaining to deductible amounts, as specifically reserved below in paragraphs 7, 8, and 9.

### 3. **Insurers' Mutual Release.**

The Insurers, on behalf of themselves and their parent, subsidiary, affiliate and related companies, and on behalf of the respective insurers of the policies identified herein, hereby mutually release each other from any and all claims or liabilities arising out of or in any way relating to the Underlying Lawsuits and the settlements made pursuant to the Shaw Settlement. and the Insurers' contribution toward Shaw's defense of the Underlying Lawsuits. Further, the Insurers, on behalf of themselves and their respective parent, subsidiary, affiliated and related companies, mutually agree not to seek contribution on any basis against each other in connection with the Underlying Lawsuits.

### 4. **Insurers' Release of Shaw.**

Except for and subject to the rights specifically reserved in Paragraphs 7 through 9 below, the Insurers, on behalf of themselves and their respective parent, subsidiary, and affiliate companies, and on behalf of the insurers of the policies issued by the Insurers and identified herein, hereby release Shaw from any and all claims or liabilities arising out of or in any way relating to the Lawsuits and the settlements made pursuant to the Shaw Settlement. Further, the Insurers, on behalf of themselves and their respective parent, subsidiary, affiliated and related companies, agree not to seek contribution, subrogation, or the recovery of the $26,543,092.50 settlement payment required by the Shaw Settlement, either in whole or in part, on any basis against Shaw in connection with the Underlying Lawsuits, including subrogation claims under the Liberty Mutual Polices, Zurich Policies, AIG Policies and/or Chubb Policies. Shaw and the Insurers expressly agree and acknowledge that Shaw's obligation to the Insurers, if any, arising out of or connected to the Underlying Lawsuits shall be limited to the amounts owed under the deductible endorsements in the Policies, and the amounts owed under the non-policy agreements or other deductible-related agreements or contracts.

### 5. Chubb Allocation of Contribution.

Chubb may allocate, at its sole discretion and as it believes appropriate, its contribution to the settlement payment for the Shaw Settlement as specified in Paragraph d. of "1. Payments" above under, among, and between some or all of the Chubb Policies. Chubb's discretionary allocation, if any, shall not be binding on any of the other Parties to this Agreement.

### 6. Dismissal of Chubb/Shaw Coverage Litigation.

Within fifteen (15) days after dismissal with prejudice of the Underlying Lawsuits, Chubb and Shaw shall take action to seek entry of a dismissal or discontinuance with prejudice of all claims, third-party claims, cross-claims or any other type of claims against one another that Shaw or Chubb may have or could have asserted against each other in the lawsuit captioned, *Westchester Fire Insurance Company v. The Shaw Group, Inc., Shaw Management Services One, Inc., Shaw Services, LLC, Shaw Maintenance, Inc., Shaw Global Energy Services, LLC, & Stone and Webster, Inc.*, Case No. 2019-cv-00609 in the U.S District Court for the Middle District of Louisiana ("Chubb Coverage Litigation").

No party to the Chubb Coverage Litigation shall bear any other party's attorney's fees and/or costs incurred in connection with the Chubb Coverage Litigation, or with complying with that party's obligations under this section above.

### 7. Liberty Mutual's Reservation of Rights and Exceptions to Release of Shaw.

Notwithstanding the agreements in the Shaw Settlement between certain Claimants in the Lawsuits and the parties identified and collectively referred to as "Shaw" on page one of the Shaw Settlement, or any other provision of this Agreement, and in consideration of Liberty Mutual's payment on or behalf of Shaw for the settlement memorialized in the Shaw Settlement, Shaw and Liberty Mutual agree and acknowledge that the Shaw Settlement and this Agreement are not intended to and do not alter or affect any rights of Liberty Mutual or obligations of Shaw owed to Liberty Mutual under the Liberty Mutual Policies – Policy No. RG2-691-004133-153 and Policy No. RG2-691-004133-154 – identified herein. Shaw and Liberty Mutual further agree that Liberty Mutual's rights and claims to recover from Shaw arising out of the deductible provisions of the Liberty Mutual Policies are expressly reserved, and are not addressed, waived, released or affected by the Shaw Settlement or this Agreement.

### 8. Zurich Exceptions to Release of Shaw.

Notwithstanding the agreements in the Shaw Settlement between certain Claimants in the Lawsuits and the parties identified and collectively referred to as "Shaw" on page one of the Shaw Settlement, or the provisions of this Agreement, and in consideration of Zurich's payments under the Zurich Policies on or behalf of Shaw for the settlement memorialized in the Shaw Settlement, Shaw and Zurich agree and acknowledge that the Shaw Settlement and this Agreement are not intended to and do not alter or affect any rights of Zurich or obligations of Shaw owed to Zurich under the deductible provisions of the Zurich Policies identified herein or

of all separate deductible agreements, non-policy agreements, or other agreements or contracts pertaining to amounts Shaw may owe to Zurich. Shaw and Zurich further agree that the parties' respective rights and obligations under the Zurich WC Policies and under separate deductible agreements, non-policy agreements, or other agreements or contracts pertaining to amounts Shaw may owe to Zurich based on payments made by Zurich under the Zurich WC Policies are not addressed in this Agreement and are otherwise preserved and not waived.

9.     **AIG's Exceptions to Release of Shaw.**

Notwithstanding any provisions, terms and/or conditions of the Shaw Settlement and notwithstanding the provisions, terms and/or conditions of this Agreement, Shaw and AIG agree and acknowledge that the Shaw Settlement and this Agreement are not intended to and do not alter, affect or resolve the dispute between AIG and Shaw regarding Shaw's satisfaction, or failure to satisfy, the deductible under the AIG Policy.  Shaw and AIG expressly agree that AIG's right and claim to enforce the deductible under the AIG Policy against Shaw are expressly reserved and are not waived, released or affected by the Shaw Settlement or this Agreement.

10.    **Shaw's Exceptions to Release of Insurers.**

Notwithstanding the agreements in the Shaw Settlement between certain Claimants in the Lawsuits and the parties identified and collectively referred to as "Shaw" on page one of the Shaw Settlement, or any other provision of this Agreement, Shaw and the Insurers agree and acknowledge that the Shaw Settlement and this Agreement are not intended to and do not alter or affect any rights, claims or defenses that Shaw may have pertaining to the deductible claims excepted and reserved by the Insurers in Paragraphs 7, 8 and 9 of this Agreement, and Shaw's rights, claims and defenses are expressly reserved, and are not addressed, waived, released or affected by the Shaw Settlement or this Agreement.

11.    **Forum Selection.**

The enforcement by Liberty Mutual and/or AIG of any and all obligations under their respective policies identified in this Agreement, including claims, if any, for recovery or satisfaction of deductibles, shall be filed and resolved in a federal district court within the State of Louisiana.

12.    **Termination of Agreement.**

The Parties shall have the right to terminate this Agreement if the Shaw Settlement is terminated for any reason. In the event of termination of this Agreement, Shaw shall assist and cooperate with the Insurers to secure the refund of any settlement contributions made by the Insurers pursuant to Paragraph 1 hereof.

13.    **Confidentiality.**

This Agreement, including, but not limited to, the amount(s) of contribution made by the individual Insurers pursuant to Paragraph 1 and all discussions and negotiations leading to it, will

be kept strictly confidential by the Parties and their counsel, and will not be disclosed to any person or entity other than (a) the Parties' auditors, accountants or attorneys; (b) by order of a court of competent jurisdiction; (c) as necessary to enforce the terms of this Agreement; (d) the Insurers' parent, subsidiary, affiliated and related companies, underwriters, auditors, regulators, reinsurers or retrocessionaires; or (e) by written consent of all Parties.

**14.    Execution.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and which when taken together shall constitute the Agreement.

**15.    Binding Effect; Successors and Assigns.**

No Party to this Agreement shall assign or delegate any of the rights, interests, or obligations under or relating to this Agreement without the prior written consent of the other Parties. Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

**16.    Applicable Law.**

This Agreement shall be construed and enforced in accordance with the laws of the State of Louisiana without regard to any choice-of-law principles.

**17.    No Admission of Liability.**

Nothing in this Agreement shall be deemed to be an admission of liability or the existence of any facts upon which liability could be based by any Party.

**18.    Integration; Modifications.**

This Agreement: (a) integrates all terms and conditions mentioned in or incidental to this Agreement; and (b) supersedes all oral negotiations and prior writings with respect to its subject matter. No representation, understanding, promise, or condition relating to the subject matter of this Agreement shall be enforceable against any Party unless it is contained in this Agreement. This Agreement may not be modified except in a writing signed by all Parties.

**19.    Interpretation.**

This Agreement was drafted jointly by the Parties and shall not be construed against either Party as drafter. The Parties acknowledge that they had the benefit of counsel of their choice in drafting this Agreement. The Recitals shall be used in interpreting this Agreement.

**20.    Authority.**

The undersigned warrant that they are authorized to execute the Agreement.

DATED: 3/4/2020

CB&I Energy Services, LLC (f/k/a Shaw Global Energy Services, LLC and Shaw Global Energy Services, Inc.)

Signature: John Hagan

Printed Name: JOHN HAGAN

Title: ATTORNEY

DATED: 3/4/2020

Shaw Services, LLC

Signature: John Hagan

Printed Name: JOHN HAGAN

Title: ATTORNEY

DATED: 3/4/2020

Aptim Services, LLC (f/k/a CB&I Construction Services, LLC and Stone and Webster Construction Services, LLC)

Signature: John Hagan

Printed Name: JOHN HAGAN

Title: ATTORNEY

DATED: 3/4/2020

CB&I Group, Inc. (f/k/a The Shaw Group, Inc.)

Signature: John Hagan

Printed Name: JOHN HAGAN

Title: ATTORNEY

DATED: 3/4/2020

Aptim Maintenance, LLC (f/k/a CB&I Maintenance, LLC, CB&I Maintenance, Inc. and Shaw Maintenance, Inc.)

Signature: John Hagan

Printed Name: JOHN HAGAN

Title: ATTORNEY

DATED: 3/4/2020

Shaw Management Services, One, Inc.

4821-2950-7766v.1

Signature: *John Hagan*

Printed Name: JOHN HAGAN

Title: ATTORNEY

DATED:_____    Liberty Mutual Insurance Company

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    Zurich American Insurance Company

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company)

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    Westchester Fire Insurance Company / Chubb

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    Illinois Union Insurance Company / Chubb

Signature:_____

Printed Name:_____

Signature:_____

Printed Name:_____

Title:_____

DATED:_____   Liberty Mutual Insurance Company

Signature:_____

Printed Name:_____

Title:_____

DATED: 3-2-2020   Zurich American Insurance Company

Signature: Robert J. Koscielniak

Printed Name: Robert J Koscielniak

Title: VP

DATED:_____   AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company)

Signature:_____

Printed Name:_____

Title:_____

DATED:_____   Westchester Fire Insurance Company / Chubb

Signature:_____

Printed Name:_____

Title:_____

DATED:_____   Illinois Union Insurance Company / Chubb

Signature:_____

Printed Name:_____

4821-2950-7766v.1

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    Liberty Mutual Insurance Company

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    Zurich American Insurance Company

Signature:_____

Printed Name:_____

Title:_____

DATED: 3/10/2020    AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company)

Signature: _[signature]_

Printed Name: Anthony J. Iandoli

Title: Senior Vice President

DATED:_____    Westchester Fire Insurance Company / Chubb

Signature:_____

Printed Name:_____

Title:_____

DATED:_____    Illinois Union Insurance Company / Chubb

Signature:_____

Printed Name:_____

4821-2950-7766v.1

|  |  |
|---|---|
| | Signature:_____ |
| | Printed Name:_____ |
| | Title:_____ |
| DATED:_____ | Liberty Mutual Insurance Company |
| | Signature:_____ |
| | Printed Name:_____ |
| | Title:_____ |
| DATED:_____ | Zurich American Insurance Company |
| | Signature:_____ |
| | Printed Name:_____ |
| | Title:_____ |
| DATED:_____ | AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) |
| | Signature:_____ |
| | Printed Name:_____ |
| | Title:_____ |
| DATED: 3/9/2020 | Westchester Fire Insurance Company / Chubb |
| | Signature: _[signature]_ |
| | Printed Name: Christopher J. Celentano |
| | Title: SVP Coverage & Complex Claims |
| DATED: 3/9/2020 | Illinois Union Insurance Company / Chubb |
| | Signature: _[signature]_ |
| | Printed Name: Christopher J. Celentano |

Page 9 of 10

4821-2950-7766v.1

Title: SVP Coverage & Complex Claims

|  |  |
|---|---|
|  | Signature:_____ |
|  | Printed Name:_____ |
|  | Title:_____ |
| DATED: 3/6/2020 | Liberty Mutual Insurance Company |
|  | Signature: *Britt Schuman* |
|  | Printed Name: Britt Schuman |
|  | Title: Sr. Claims Mgr II |
| DATED:_____ | Zurich American Insurance Company |
|  | Signature:_____ |
|  | Printed Name:_____ |
|  | Title:_____ |
| DATED:_____ | AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) |
|  | Signature:_____ |
|  | Printed Name:_____ |
|  | Title:_____ |
| DATED:_____ | Westchester Fire Insurance Company / Chubb |
|  | Signature:_____ |
|  | Printed Name:_____ |
|  | Title:_____ |
| DATED:_____ | Illinois Union Insurance Company / Chubb |
|  | Signature:_____ |
|  | Printed Name:_____ |