UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

**VERSUS**

**THE SHAW GROUP, INC. (n/k/a CB&I GROUP, INC.)**

**CIVIL ACTION**

**NO. 20-871-JWD-RLB**

## RULING ON CB&I GROUP INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is *CB&I Group Inc.'s Motion for Partial Summary Judgment* ("Motion") (Doc. 118) brought by The Shaw Group, Inc., n/k/a CB&I Group Inc. ("Shaw"). It is opposed by Liberty Mutual Fire Insurance Company ("Liberty"). (Doc. 125.) Shaw filed a reply. (Doc. 126.) The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the Motion is denied.

### I.    BACKGROUND

In this Court's recent Ruling on *Liberty Mutual Insurance Company's [Third] Motion for Summary Judgment* ("*Liberty's Third MSJ*") (Doc. 143), this Court provided a summary of the factual and procedural background of this case, which is incorporated herein and made a part hereof. (*Id.* at 1–8.)

### II.    STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a

1

genuine issue for trial.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citations omitted). Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III.   ARGUMENTS OF THE PARTIES

#### A. Shaw's Motion and Supporting Memorandum

In this Motion, Shaw asks the Court to find as a matter of law

> that Liberty breached its duty to defend against the claims set forth in the First Amended Complaint filed in the Circuit Court of Colbert County, Alabama under the caption *Abernathy, et al. v. Occidental Petroleum Corporation, et al.*, No. 2011-900266 and related lawsuits, which were covered by two policies of general liability insurance Liberty issued to Shaw.

(Doc. 118 at 1.) In addition, Shaw asks the Court to find as a matter of law that "Shaw is entitled to recover damages flowing from Liberty's breach of its duty to defend Shaw from claims covered by the subject policies." (*Id.*) Specifically, Shaw argues it is "entitled to recover damages in the amount of $150,831.07 flowing from Liberty's breach of duty to defend Shaw from claims covered by the subject policies." (Doc. 118-1 at 1.)

2

Shaw argues that, based on the Court's previous ruling on Liberty's Motion for Summary Judgment (Doc. 94 at 24–29), "the Court has concluded that coverage was owed to Shaw for the claims alleged in the [*Abernathy* First Amended Complaint], and that Liberty breached it[s] duty to defend Shaw for a seventeen-month period commencing on the date of the tender, November 15, 2013." (Doc. 118-1 at 1–2 (footnote omitted); *see also id.* at 5, 7–11.) In addition, Shaw contends that this conclusion is further supported by uncontested facts. (*Id.* at 18.) Finally, Shaw argues that it is entitled to $150,831.07 is paid in defense costs because these represent the uncontested damages flowing from Liberty's breach. (*Id.* at 19–20.)

### B. Liberty's Opposition

Liberty counters that Shaw's Motion must be denied because Shaw released its claims for, *inter alia*, Liberty's alleged failure to defend when it entered into an Insurance Settlement and Mutual Release Agreement ("Insurance Settlement"). (Doc. 124 at 1; *see also id.* at 7–10; *Liberty Third MSJ*, Doc. 121, and memorandum in support thereof, Doc. 121-1 at 13–20.) Liberty's position is also stated more fully in this Court's Ruling on *Liberty Third MSJ* (Doc. 143 at 8–11) and will not be repeated here. Alternatively, Liberty argues that there are questions of fact regarding its alleged failure to defend which preclude summary judgment. (Doc. 124 at 10–13.)

### C. Shaw's Reply

Shaw's Reply largely repeats the arguments made in its original memorandum but additionally makes clear it is not moving for summary judgment on its claims for bad faith damages, penalties, and attorney fees pursuant to La. R.S. §§ 22:1973 and 22:1982. (Doc. 126 at 2.) Rather, it is seeking a ruling that Liberty breached its duty to defend Shaw and is entitled to damages flowing therefrom. (Doc. 118 at 1.)

Shaw again cites to this Court's earlier rulings in Doc. 53 to support its argument that its rights regarding the deductible were reserved and not released. (Doc. 126 at 1–4.) It cites to this Court's ruling in Doc. 94 for the proposition that Liberty breached its duty to defend and argues that "Liberty now raises irrelevant points and arguments in contesting the amount of damages to which Shaw is entitled." (*Id*. at 5.) Shaw maintains that despite Liberty's cost sharing agreement with other insurers, Liberty "still owed Shaw a complete duty to defend and pay its defense costs." (*Id*. at 9.)

## IV.   DISCUSSION

In short, for reasons discussed at length in its ruling on *Liberty Mutual Insurance Company's [Third] Motion for Summary Judgment* (Doc. 143 at 8–16), the Court denies Shaw's Motion. To the extent that Shaw's claim against Liberty for failure to defend is couched as a claim for a credit against its deductible obligation, while that claim was preserved to Shaw in Paragraph 10 of the Insurance Settlement as one "pertaining to the deductible," the Court ruled in *Liberty's Renewed MSJ* that Shaw's claim for a credit fails as a matter of law. (Doc. 94 at 13.) To the extent that Shaw's failure to defend claim is asking Liberty to pay damages flowing its alleged failure to defend, Shaw released that claim in Paragraph 2 of the Insurance Settlement. Therefore, Shaw's Motion must be denied.

The pertinent portions of the relevant paragraphs of the Insurance Settlement read as follows:

> 2.   <u>Shaw Release of Insurers</u>
> Except for and subject to the rights specifically reserved in Paragraph 10 below, with respect to the policies issued to Shaw . . . by the Insurers . . . and in consideration of . . . payments by the Insurers of the $26,543,092.50 required by the Shaw Settlement . . ., Shaw . . . hereby release[s], aquit[s], and discharge[s] the Insurers . . . from any and all claims, actions, causes of actions, obligations, indebtedness, breaches of duty, breaches of claims handling, bad faith, claims for declaratory relief, claims for injunctive relief and other equitable relief, suits, liens,

damages, losses, costs or expense, including attorney fees, claims for defense and/or indemnity and/or insurance coverage of any kind (including but not limited to, any claims for bad faith or statutory penalties of any kind) . . . past, present or future . . . relating to or arising out of the Underlying Lawsuits and the claims against Shaw that are being settled by the Shaw Settlement. . . . This reservation by Shaw is not inconsistent with, nor is it intended to nullify Liberty Mutual's . . . right to pursue collection of any deductibles owned under [its policy] . . . as specifically reserved below in paragraph[ ] 7.

\*\*\*

7. <u>Liberty Mutual's Reservation of Rights and Exceptions to Release of Shaw</u>
Notwithstanding . . . any other provision of this Agreement, and in consideration of Liberty Mutual's payment on behalf of Shaw for the settlement memorialized in the Shaw Settlement, Shaw and Liberty Mutual agree and acknowledge that the Shaw Agreement and this Agreement are not intended to and do not alter or affect any rights of Liberty Mutual or obligations of Shaw owed to Liberty Mutual under the Liberty Mutual Policies. . . . Shaw and Liberty Mutual further agree that Liberty Mutual's rights and claims to recover from Shaw arising out of the deductible provisions of the Liberty Mutual Policies are expressly reserved, and are not addressed, waived, released or affected by the Shaw Settlement or this Agreement.

\*\*\*

10. <u>Shaw's Exceptions to Release of Insurers</u>
Notwithstanding the agreements in the Shaw Settlement between certain Claimants in the Lawsuits and . . . Shaw[,] . . . or any other provision of this Agreement, Shaw and the Insurers agree and acknowledge that the Shaw Settlement and this Agreement are not intended to and do not alter or affect any rights, claims or defenses that Shaw may have *pertaining to the deductible claims* excepted and reserved by the Insurers in Paragraph[ ] 7 . . . of this Agreement, and Shaw's rights, claims and defenses are expressly reserved, and are not addressed, waived, released or affected by the Shaw Settlement or this Agreement.

(Doc. 18-4 at 3–6, ¶¶ 2, 7, 10 (emphasis added).)

In its ruling on *Liberty's Original MTD*, the Court held as a threshold matter that Shaw's counterclaim demanding a credit against its deductible obligation for amounts it and AIG paid third parties in defense costs was not released in the Insurance Settlement's Paragraph 2 because this claim "pertain[ed] to the deductible" and was thus specifically reserved to Shaw by Paragraph

5

10 of the same agreement. (Doc. 53 at 20–25.) Had the Court ruled otherwise, there would have been no need to consider Liberty's other arguments in its *Original MTD*.

In this same ruling, the Court also held that "Shaw's claim meets the requirements for breach of contract: the existence of an insurance contract between the parties, an alleged breach and resulting damages. Shaw has therefore stated a claim for breach of contract for the recovery of damages caused by the breach, including [$150,831.07]." (Doc. 53 at 35 (citation omitted).) However, the Court emphasized:

> For purposes of the present *Motion* [*to Dismiss*], these allegations must be taken as true and viewed in the light most favorable to Shaw . . . . Furthermore, as this Court has already explained, because these allegations are alleged to have adversely affected Shaw's deductible obligation, they "pertain" to the deductible and were reserved in the Insurance Settlement.

(*Id.*)

In this first ruling on Shaw's bad faith claim, the Court denied Liberty's motion to dismiss Shaw's claim of "willfully misrepresenting both the underlying facts giving rise to Shaw's exposure in the Abernathy Lawsuit and the provisions in Liberty's Policies in order to wrongfully deny coverage." (*Id.* at 40.) But this ruling also was premised on its "[a]ssuming the truth of Shaw's allegations and drawing all reasonable inferences in favor of Shaw . . . ." (*Id.*).

In its ruling on *Liberty's Renewed MTD*, the Court again found, based on the language in the Policies, that Shaw was not entitled to a credit against or reduction of its deductible obligation for amounts it and AIG paid in defense costs. (Doc. 91 at 19–23.) While the Court held that Shaw continued to state a claim for "bad faith under La. R.S. 22:1973 (1) misrepresenting pertinent facts and/or policy provisions relating to the Abernathy Lawsuit and (2) wrongfully denying coverage with respect to the Abernathy Lawsuit[,]" the Court found that "Shaw's Amended Counterclaim does not state a claim insofar as it . . . seeks to recover from Shaw deductible amounts that Shaw claims had already been satisfied and/or that Liberty was aware that Shaw disputed . . . ." (*Id.* at

6

29.) Significantly, *Liberty's Renewed MTD* did not raise the issue of whether Shaw's claims against Liberty not pertaining to the deductible were released in Paragraph 2 of the Insurance Settlement.

In its ruling on *Liberty's Renewed MSJ*, the Court again held (for the first time in the context of a motion for summary judgment) that Shaw was not entitled to a credit or offset on its deductible obligation for amounts it and AIG paid third parties in defense costs. (Doc. 94 at 13–14.) While the Court held that there were questions of fact precluding summary judgment as to Liberty's alleged bad faith failure to defend Shaw in the Abernathy Lawsuit (*Id.* at 23–31), the issue of whether Shaw had released its bad faith claims unrelated to the deductibles by virtue of Paragraph 2 of the Insurance Settlement was not raised in this Motion and, indeed, had never previously been raised.

The Court stated in dicta that Shaw could pursue its claim for the amounts it paid in defense costs to third parties as damages allegedly suffered by Shaw as a result of breach of contract and bad faith.

> [A]lthough the Court ruled as a matter of law that the Policies do not give Shaw the automatic credit it seeks for the $150,831.07 it paid to third parties in defense costs, it also ruled that Shaw has a right to pursue this amount in its claims for breach of contract and for bad faith as is discussed in another part of this ruling.

(*Id.* at 13. *See also id.* at 21–31; Doc. 53 at 34–41.)

That conclusion was correct at the time since, in that scenario, the $150,831.07 would be sought as an item of damage and not as a credit or offset against the deductible. As such, it would not be subject to the Court's ruling that Shaw was not entitled to a credit or offset of the deductible. However, in *Liberty's Third MSJ*, Liberty raised for the first time this argument: if the $150,831.07 is not being sought as a credit against the deductible, then the claim is not preserved by Paragraph 10 of the Insurance Settlement and must therefore necessarily be subject to Paragraph 2's broad

7

release of all other claims, including bad faith claims. (Doc. 121-1 at 14–18.) In its Ruling on *Liberty's Third MSJ*, the Court agreed with Liberty on this point. (Doc. 143 at 14–15.)

The only claims reserved to Liberty in the Insurance Settlement were those "pertaining to the deductible." (Doc. 53 at 20–25.) The Court has held repeatedly that Shaw is not entitled to a credit on its deductible obligation for amounts it or others paid on its behalf for defense costs. Therefore, any damage claim it may have suffered directly arising from Liberty's alleged breach of contract and failure to defend do not pertain to the deducible are not saved to it by Paragraph 10 of the Insurance Settlement and were released by virtue of the very broad language of Paragraph 2.

Shaw argues that, in its previous rulings, "the Court held that Shaw had a right to pursue these costs in its claims for breach of contract and bad faith." (Doc. 123 at 8 (citing Doc. 53 at 34–41).) "The Court reiterated this holding in its ruling on Liberty's renewed MSJ." (*Id.* (citing Doc. 94 at 13, which in turn cites Doc. 53 at 34–41).) Therefore, concludes Shaw, "Shaw's remaining breach of contract claims and bad faith claims, both of which were based on defense costs that Shaw incurred as a result of Liberty's failure to defends, were preserved and not released through the Insurance Settlement." (*Id.*)

Shaw's argument falls short for the reason iterated above: Shaw's claims "pertaining to" the deductible, while initially found to be preserved by Paragraph 10, were nonetheless dismissed in the earlier motions because, under the terms of the Policies, Shaw's deductible obligation is not reduced by amounts Shaw or others paid to third parties. The Court's statement that Shaw could pursue the amount it paid in defense costs as an item of damage for bad faith was made before *Liberty's Third MSJ* arguing for the first time that damage items unrelated to the deductible were released by Paragraph 2. The Court finds that all of Shaw's remaining claims unrelated to the

deductible were released by the broad and unambiguous language of Paragraph 2 of the Insurance Settlement. Therefore, Shaw's Motion must be denied.

## V.   CONCLUSION

For the foregoing reasons, *CB&I Group Inc.'s Motion for Partial Summary Judgment* (Doc. 118) is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 12, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**